## APPEAL OF J. S. TARBELL ET AL.

### [J. S. TARBELL v. SCHOOL D. OF MONTROSE BOROUGH.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY, IN EQUITY.

Submitted October 24, 1889—Decided November 11, 1889.

A board of school directors will be restrained by injunction from appropriating money to the erection of a school building upon land conveyed to a county, in trust "to be appropriated to the use of the public buildings of the county . . . . . an academy, and church or churches," until the title to the ground whereon the building may lawfully be erected shall have been acquired: See act of April 4, 1889, P. L. 25.

Before STERRETT, GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 102 July Term 1890, Supt. Ct.; court below, No. 184 April Term 1889, C. P. in Equity.

On February 19, 1889, J. S. Tarbell and A. Lathrop filed a bill in equity against the school district of the borough of Montrose, in which it was in substance averred:

1, 2. That the board of directors of said school district had made arrangements to erect a new school building in said borough, at a large expense, which building was not necessary and would be prejudicial to the interests of the borough.

3. That on June 18, 1888, the said board passed a resolution declaring their desire to increase the indebtedness of the district to the amount of seven per cent of the assessed valuation of taxable property therein, as per the last assessment thereof, for the purpose of purchasing suitable grounds and building a school-house thereon; and that pursuant to the act of assembly the secretary was directed to insert proper advertisements for the holding of an election on July 31, 1888, to ascertain the will of the electors with reference to the proposed increase of indebtedness.

4, 5. That in pursuance of said resolution and notice, published under the provisions of the act of April 20, 1874, P. L. 65, a special election was held in the borough of Montrose which resulted in a majority of four votes in favor of an increase of indebtedness; many of the citizens voting in favor of such increase, supposing said board of directors were proceeding by due course of law, and contemplated the purchase and ownership of suitable ground upon which a school building was to be erected.

6, 7. That said board had prepared and issued a series of bonds which they were about to negotiate, and that regardless of said resolution and notice, and in violation of the obligations the said directors were under by its terms, they were preparing to expend the money, to be raised on the said bonds, in the erection of a new school building to be located on land to which said school directors had no right or title whatever, either by purchase, or by the provisions of the common school law of this commonwealth.

8. That all the acts and proceedings of the directors were illegal and void for the following reasons: (1) Because the

said directors were preparing to erect said building on land to which they had no title. (2) Because there was no existing or outstanding indebtedness against said school district. (3) The act of assembly of April 20, 1874, P. L. 65, was unconstitutional, in that (*a*) it offended against § 7, article III. of the constitution; (*b*) it contained more than one subject that was not clearly expressed by its title; (*c*) it was local in its effect. (4) Because said act applies only to municipalities.

The bill prayed: 1. That the directors be restrained from selling and negotiating said bonds, and 2. From contracting for the erection of a school-house so proposed to be erected by them.

A hearing being had on the filing of the foregoing bill and affidavits presented therewith, upon a motion for a preliminary injunction, the court, SITTSER, P. J., on February 22, 1889, filed the following opinion:

In disposing of the motion for a preliminary injunction, we must accept the allegations of the bill supported by the affidavits, since they are undisputed by affidavit or answer.

That the court has power to restrain the unlawful action of municipal authorities, when prejudicial to the community or the rights of individuals, cannot be questioned: Sank v. Philadelphia, 8 Phila. 117; Cummings v. Sheble, 1 Phila. 492.

The school directors propose to increase the debt of the district to an amount exceeding two per cent of its assessed valuation. This can only be done by the consent of the electors. An election was held and a majority expressed themselves in favor of such increase for the purpose of "purchasing suitable grounds and building a school house thereon." The authority to increase the indebtedness being founded on the consent of the electors, must be confined substantially to the purposes named.

The bill avers that the directors do not propose to purchase any grounds, but intend to erect a building upon land which they do not own, and which they cannot appropriate under the school laws, for the reason that it is the land of the county of Susquehanna. If a private individual should authorize his agent to buy a lot, erect a dwelling house thereon at a great expense, he would naturally feel indignant if the agent should

propose to pledge the credit of his principal in the erection of a building upon lands to which he had no title, and to which he could acquire none. He would not consider it within a proper and reasonable exercise of the power conferred. The electors who have conferred an authority for one purpose, may well object to its being directed to another. While they might be willing to vote a large expenditure of money, on grounds owned by the district, they might not be at all willing to expend the sum upon ground which the district does not own and to which it can acquire no title. We think the preliminary injunction should be granted and a decree to that effect may be prepared by counsel.

As the counsel for the defendants participated in the hearing, it will not be necessary to fix a time for the further argument of the motion, but upon the filing of an answer, a motion to dissolve the injunction will be entertained.

On March 16, 1889, the defendants filed an answer in which they set out the arrangements made for the erection of a new school building at the estimated cost of $14,500; that due and legal resolutions of the board had been passed, and notice and advertisement of the intention to increase the indebtedness of the district had been published, an election held, and a majority vote in favor thereof had; that they had prepared and issued bonds to raise money for the purpose, and the said bonds had already been negotiated, the entire issue sold at par, and the proceeds were deposited to the credit of the district; that the directors, defendants, had considered the propriety of erecting the new building upon a piece of land in the district known as the Public Square: "there being an almost unanimous desire on the part of the citizens of the district that the new school building should be erected thereon. That the only public school in said district is located and maintained upon said public square, and has been continuously so located and maintained for more than sixty years last past. Said school directors claim the right, if they should finally so determine, to erect said school building upon the public square, predicating their right so to do upon such continuous use, and by virtue of the following conveyance," to wit: a deed, dated July 24, 1812, between Isaac Post and Bartlett Hinds, of the one part,

and Thomas Parke, and others, "trustees of the county of Susquehanna," of the other part, conveying "one public lot containing ten acres, to be appropriated to the use of the public buildings of the county of Susquehanna aforesaid, and for an academy, and for the erection of a church or churches."

On the filing of the foregoing answer, a motion was made that the preliminary injunction issued should be dissolved, and on the argument thereof the court, SITTSER, P. J., filed the following opinion and decree :

On the hearing of the motion to dissolve the preliminary injunction, the act of April 4, 1889, P. L. 25, was cited by counsel for defendants.    This act removes the objection of the plaintiffs, which was sustained by the court in granting the injunction.    The further objection that school districts are not municipal corporations and not within the act of April 20, 1874, P. L. 65, is not sustained.    School districts are expressly mentioned in the constitution, and the act of April 20, 1874, was plainly intended to provide a statute to carry that provision into effect.

And now, May 20, 1889, the injunction heretofore granted in this case is dissolved.

The first section of the act of April 4, 1889, P. L. 25, referred to in the foregoing opinion is as follows :

" 1.    That whenever any county shall have had, or may hereafter have, land conveyed to it, for its use, or to be appropriated to the public buildings thereof and for educational purposes, and there shall be more of such land than is necessary to be used and occupied for such public buildings, and more of such land than is so used and occupied, it shall and may be lawful for the directors or controllers of any school district to enter upon and occupy sufficient of such land for the erection of a public school-house or houses, and to use and occupy the same for the purpose of erecting, and to erect thereon a public school-house or houses, with the necessary or convenient appurtenances."

See the subsequent sections.

The decree dissolving the injunction having been entered, the plaintiff took this writ, assigning said decree as error.

Syllabus.

Mr. *G. P. Little* and Mr. *R. B. Little*, for the appellants.

Counsel cited: Erie Sch. D. v. Fuess, 98 Pa. 606; act of April 4, 1889, P. L. 25; Jessup v. Loucks, 55 Pa. 350; Cooley's Const. Lim., 524, 537.

Mr. *M. S. Allen* and Mr. *T. J. Davis*, for the appellees.

Counsel cited: Hampton v. Commonwealth, 19 Pa. 329; In re Towanda Bridge' Co., 91 Pa. 216; Ford v. School Dist., 121 Pa. 543; act of April 4, 1889, P. L. 25.

PER CURIAM:

This was an appeal from a decree of the court below dissolving a preliminary injunction, and was submitted upon the paper books, without an oral argument.

> The decree dissolving the preliminary injunction is reversed at the costs of the appellees; the said injunction is reinstated with leave to the school district of the borough of Montrose to move the court below to dissolve it, whenever said district shall have lawfully acquired title to a suitable lot of ground whereon to erect the school building in controversy.